## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX 22-109** |
| | * | |
| **LAMBERT MBOM,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## <u>JURY INSTRUCTIONS</u>

## **TABLE CONTENTS**

JURY INSTRUCTIONS.............................................................................................................. 1

JURY INSTRUCTION NO. 1 ................................................................................................... 6

  (Rule of Attentiveness) .......................................................................................................... 6

JURY INSTRUCTION NO. 2 ................................................................................................... 6

  (Role of the Court) ................................................................................................................. 6

JURY INSTRUCTION NO. 3 ................................................................................................... 7

  (Role of the Jury) ................................................................................................................... 7

JURY INSTRUCTION NO. 4 ................................................................................................... 8

  (Juror Obligations) ................................................................................................................ 8

  JURY INSTRUCTION NO. 5 ................................................................................................ 8

  (Contact with Others)............................................................................................................ 8

JURY INSTRUCTION NO. 6 ................................................................................................... 9

  (The Government as a Party) ................................................................................................. 9

JURY INSTRUCTION NO. 7 ................................................................................................... 9

  (Conduct of Counsel)............................................................................................................ 9

JURY INSTRUCTION NO. 8 ................................................................................................. 10

  (Improper Considerations: Race, Religion, National Origin, Sex or Age)............................ 10

JURY INSTRUCTION NO. 9 ................................................................................................. 10

  (Sympathy)........................................................................................................................... 10

JURY INSTRUCTION NO. 10 ............................................................................................... 11

  (Consider Only this Defendant) .......................................................................................... 11

JURY INSTRUCTION NO. 11 ............................................................................................... 11

  (Failure to Name a Defendant) ........................................................................................... 11

JURY INSTRUCTION NO. 12 ............................................................................................... 12

  (Presumption of Innocence – Burden of Proof) ................................................................... 12

JURY INSTRUCTION NO. 13 ............................................................................................... 12

  (Number of Witnesses and Uncontradicted Testimony)...................................................... 12

JURY INSTRUCTION NO. 14 ............................................................................................... 13

  (Direct and Circumstantial Evidence).................................................................................. 13

JURY INSTRUCTION NO. 15 ............................................................................................... 14

  (Questions)........................................................................................................................... 14

JURY INSTRUCTION NO. 16 ............................................................................................... 14

  (Consensual Recordings) ..................................................................................................... 14

JURY INSTRUCTION NO. 17 ............................................................................................. 15

   (Transcripts of Tape Recordings) ................................................................................... 15

JURY INSTRUCTION NO. 18 ............................................................................................. 15

   (Government Informant) ................................................................................................. 15

JURY INSTRUCTION NO. 19 ............................................................................................. 16

   (Charts and Summaries Admitted as Evidence) ............................................................ 16

JURY INSTRUCTION NO. 20 ............................................................................................. 16

   (Charts and Summaries Not Admitted as Evidence) ..................................................... 16

JURY INSTRUCTION NO. 21 ............................................................................................. 17

   (Inference Defined) ........................................................................................................ 17

JURY INSTRUCTION NO. 22 ............................................................................................. 18

   (Guilty Knowledge) ....................................................................................................... 18

JURY INSTRUCTION NO. 23 ............................................................................................. 18

   (Impermissible to Infer Participation from Presence or Association) ........................... 18

JURY INSTRUCTION NO. 24 ............................................................................................. 18

   (Statements of Defendant) ............................................................................................. 18

JURY INSTRUCTION NO. 25 ............................................................................................. 19

   (Acts and Declarations of Co-Conspirators) ................................................................ 19

JURY INSTRUCTION NO. 26 ............................................................................................. 20

   (Witness Credibility -- General Instruction) ................................................................ 20

JURY INSTRUCTION NO. 27 ............................................................................................. 21

   (Alleged Accomplices Called by the Government) ...................................................... 21

JURY INSTRUCTION NO. 28 ............................................................................................. 22

   (Government Witness—Plea Agreement, Not Proper to Consider Guilty Plea) ................. 22

JURY INSTRUCTION NO. 29 ............................................................................................. 23

   (Law Enforcement Witnesses) ...................................................................................... 23

JURY INSTRUCTION NO. 30 ............................................................................................. 24

   (Impeachment by Prior Inconsistent Statement) .......................................................... 24

JURY INSTRUCTION NO. 31 ............................................................................................. 25

   (Improper Consideration of Defendant's Right Not to Testify) ............................................ 25

JURY INSTRUCTION NO. 32 ............................................................................................. 25

   (Introduction to the Charges) ........................................................................................ 25

JURY INSTRUCTION NO. 33 ............................................................................................. 25

   (Knowingly) ................................................................................................................... 25

JURY INSTRUCTION NO. 34 ........................................................................................ 26

(Conscious Avoidance: Deliberately Closing Eyes)..................................................... 26

JURY INSTRUCTION NO. 35 ........................................................................................ 26

(Willfully) ..................................................................................................................... 26

JURY INSTRUCTION NO. 36 ........................................................................................ 27

(Knowledge, Willfulness, Intent).................................................................................. 27

JURY INSTRUCTION NO. 37 ........................................................................................ 27

(Indictment is Not Evidence) ....................................................................................... 27

JURY INSTRUCTION NO. 38 ........................................................................................ 28

(Variance – Dates) ........................................................................................................ 28

JURY INSTRUCTION NO. 39 ........................................................................................ 28

(Conspiracy – Purpose of the Statute) .......................................................................... 28

JURY INSTRUCTION NO. 40 ........................................................................................ 28

(Count One – Conspiracy to Commit Health Care Fraud and Wire Fraud –............................ 28

The Indictment)............................................................................................................. 28

JURY INSTRUCTION NO. 41 ........................................................................................ 32

(Count One – Conspiracy to Commit Health Care Fraud and Wire Fraud – Elements) .......... 32

JURY INSTRUCTION NO. 42 ........................................................................................ 32

(Unanimity of Theory)................................................................................................... 32

JURY INSTRUCTION NO. 43 ........................................................................................ 33

(Wire Fraud – the Statute)............................................................................................. 33

JURY INSTRUCTION NO. 44 ........................................................................................ 33

(Health Care Fraud – the Statute) ................................................................................. 33

JURY INSTRUCTION NO. 45 ........................................................................................ 33

(Conspiracy – First Element – Agreement) .................................................................. 33

JURY INSTRUCTION NO. 46 ........................................................................................ 34

(Conspiracy – Second Element – Membership in the Conspiracy) ........................................ 34

JURY INSTRUCTION NO. 47 ........................................................................................ 36

(Conspiracy – Venue) ................................................................................................... 36

JURY INSTRUCTION NO. 48 ........................................................................................ 37

(Count Two and Count Three – Conspiracy to Commit an Offense ...................................... 37

Against the United States) ............................................................................................. 37

JURY INSTRUCTION NO. 49 ........................................................................................ 37

(Count Two – Making False Statements Relating to Healthcare Matters – The Statute)......... 37

4

JURY INSTRUCTION NO. 50 ............................................................................................... 37

(Count Two – Conspiracy to Make False Statements Relating to Health Care Matters – the Indictment) ...................................................................................................................................... 37

JURY INSTRUCTION NO. 51 ............................................................................................... 41

(Count Two – Conspiracy to Commit Offenses Against the United States – Elements) ......... 41

JURY INSTRUCTION NO. 52 ............................................................................................... 42

(Count Two – Conspiracy – Third Element: Commission of Overt Act) ................................. 42

JURY INSTRUCTION NO. 53 ............................................................................................... 42

(Counts Two– Conspiracy – Fourth Element: ....................................................................... 42

Commission of Overt Act in Furtherance of the Conspiracy) ................................................. 42

JURY INSTRUCTION NO. 54 ............................................................................................... 43

(Count Three – The Anti-Kickback Statute) .......................................................................... 43

JURY INSTRUCTION NO. 55 ............................................................................................... 43

(Count Three – Conspiracy to Violate the Anti-Kickback Statute – the Indictment) ............... 43

JURY INSTRUCTION NO. 56 ............................................................................................... 48

(Count Three – Conspiracy to Violate the Anti-Kickback Statute - Elements) ....................... 48

JURY INSTRUCTION NO. 57 ............................................................................................... 49

(Punishment) ........................................................................................................................ 49

JURY INSTRUCTION NO. 58 ............................................................................................... 49

(Duty to Consult and Need for Unanimity) ............................................................................ 49

JURY INSTRUCTION NO. 59 ............................................................................................... 50

(Foreperson -- Verdict Form) ................................................................................................ 50

JURY INSTRUCTION NO. 60 ............................................................................................... 50

(Communication with the Court) ........................................................................................... 50

## JURY INSTRUCTION NO. 1
(Rule of Attentiveness)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the factual issues in the case.  Before you do that, I will instruct you on the law.  Please pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  I ask you to give me that same careful attention now, as I instruct you on the law.

## JURY INSTRUCTION NO. 2
(Role of the Court)

You have now heard all the evidence in the case, and the lawyers for the parties will soon make their final arguments.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would

violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**JURY INSTRUCTION NO. 3**
(Role of the Jury)

Your final role is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You consider the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to consider the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers say in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the

defendant has been proven beyond a reasonable doubt.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

### JURY INSTRUCTION NO. 4
(Juror Obligations)

In determining the facts, you are reminded that, before each member was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias.  On the faith of those answers, each of you was accepted by the parties.  Therefore, those answers are binding on each of you now as they were then, and should remain so, until you are discharged from consideration of this case.

### JURY INSTRUCTION NO. 5
(Contact with Others)

During your deliberations, you should not discuss, or provide any information about, the case with anyone.  This includes discussing the case in person, in writing, by phone, or by any electronic means, via text messaging, e-mail, Instagram, Facebook, LinkedIn, Twitter, blogging, or any internet chat room, web site, or other feature.  In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the Court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the internet.  Information that you may find on the internet or in a

printed reference might be incorrect or incomplete.  In our court system, it is important that you not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

## JURY INSTRUCTION NO. 6
### (The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant who has been charged with the crimes laid out in the Indictment.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, the government is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY INSTRUCTION NO. 7
### (Conduct of Counsel)

The lawyers have a duty to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible.  They also have the right and duty to ask the court to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I said before, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## JURY INSTRUCTION NO. 8
(Improper Considerations: Race, Religion, National Origin, Sex or Age)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## JURY INSTRUCTION NO. 9
(Sympathy)

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the sole question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It

must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

## JURY INSTRUCTION NO. 10
(Consider Only this Defendant)

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of the defendant before you.  You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to the defendant before you, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

## JURY INSTRUCTION NO. 11
(Failure to Name a Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial from the fact that certain persons were not named as defendants in the Indictment.  The circumstances that these persons are not in this trial must play no part in your deliberations. Whether a person should be named as a co-conspirator or indicted as a defendant, is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

## JURY INSTRUCTION NO. 12
(Presumption of Innocence – Burden of Proof)

The defendant has pleaded not guilty to the charges in the Indictment.  To convict the defendant, the burden is on the government to prove the defendant's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, the defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven the defendant is guilty of a given charge beyond a reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from the lack of evidence.

## JURY INSTRUCTION NO. 13
(Number of Witnesses and Uncontradicted Testimony)

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your own common sense and personal experience.

In a moment, I will discuss the criteria for evaluating witness credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the

defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## JURY INSTRUCTION NO. 14
(Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding the factual issues in this case.

The first is direct evidence.  Direct evidence is where a witness testifies to what he or she saw, heard, or observed.  In other words, when a witness testifies about what is known to him or her of his own knowledge by virtue of his or her own senses—what he or she sees, feels, touches, or hears—that is called direct evidence.

The second is circumstantial evidence: circumstantial evidence tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day.  As you know, this courtroom has no windows, and you cannot look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer from an established fact, on the basis of reason, experience, and common sense, the existence or the nonexistence of some other

fact.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

## JURY INSTRUCTION NO. 15
### (Questions)

Let me emphasize that lawyer's questions are not evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was included in the lawyer's question.  But if the witness confirms the truth of a fact included in a lawyer's question, then you may, but are not required to, consider that fact to be true based on the witness' answer, and give it whatever weight, if any, you find it deserves.  In short, questions are not evidence; answers are.

## JURY INSTRUCTION NO. 16
### (Consensual Recordings)

The government has offered evidence in the form of tape recordings of conversations. These recordings were made with the consent and agreement of one of the parties to the conversations. The use of this procedure to gather evidence is lawful, and the government is entitled to use the tape recordings in this case.

## JURY INSTRUCTION NO. 17
(Transcripts of Tape Recordings)

The government has been permitted to provide transcripts that it prepared which are the government's interpretation of what was said on the recordings which have been received as evidence. Those transcripts were given to you as an aid or guide to assist you in listening to the recordings. However, the transcripts are not in and of themselves evidence. Therefore, when the recordings were played, I advised you to listen very carefully to the recordings themselves. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than what appeared on the transcript, what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

## JURY INSTRUCTION NO. 18
(Government Informant)

There has been evidence introduced at trial that the government used informants or confidential sources in this case. I instruct you that there is nothing improper in the government's use of informants. You, therefore, should not concern yourselves with how you personally feel about the use of informants, because that is really beside the point. Your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.

On the other hand, when an informant testifies, the informant's testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether the informant received any benefits or promises from the government that would motivate him or her to testify falsely against the defendant. For example, he or she may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept an informant's testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

## JURY INSTRUCTION NO. 19
### (Charts and Summaries Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

## JURY INSTRUCTION NO. 20
### (Charts and Summaries Not Admitted as Evidence)

The government has also presented exhibits in the form of charts and summaries that were shown to you in order to in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## JURY INSTRUCTION NO. 21
(Inference Defined)

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

## JURY INSTRUCTION NO. 22
(Guilty Knowledge)

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

Willful intent or guilty knowledge may also be inferred from such conduct as the handling of one's affairs so as to avoid making records or issuing documents that are usually kept in transactions of a particular kind; or from the failure to keep records or, in fact, any conduct the likely effect of which would be to mislead others or conceal information.

## JURY INSTRUCTION NO. 23
(Impermissible to Infer Participation from Presence or Association)

You may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he or she was present at the time the crime was being committed and had knowledge that it was being carried on.

You also may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he or she associated with other people who were guilty of wrongdoing.

## JURY INSTRUCTION NO. 24
(Statements of Defendant)

There has been evidence the defendant has made certain statements.

In deciding what weight to give a defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

## JURY INSTRUCTION NO. 25
(Acts and Declarations of Co-Conspirators)

I have admitted into evidence the acts and statements of other persons because the government charges that these acts and statements were committed by persons who were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy done in furtherance of the common purpose of the conspiracy, are deemed, under law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of a conspiracy charged in the Indictment, then any reasonably foreseeable acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in that defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  Since these acts may have been performed and these statements may have been made outside the presence of a defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with

19

particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may be considered by you in determining whether the government has sustained its burden of proof.  However, acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended may only be considered by you regarding the person who performed that act or made that statement.

### JURY INSTRUCTION NO. 26
(Witness Credibility -- General Instruction)

It must be clear to you by now that the government and the defendant are asking you to draw very different conclusions about various factual issues in the case.  Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  How did the witness appear?  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## JURY INSTRUCTION NO. 27
### (Alleged Accomplices Called by the Government)

You have heard witnesses who testified that they were actually involved in planning and carrying out certain crimes charged in the Indictment—that is, that they were accomplices.

The government may argue, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of so-called accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

21

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general instructions on credibility and I will not repeat them all here.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these witnesses would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the testimony of these witnesses.

## JURY INSTRUCTION NO. 28
(Government Witness—Plea Agreement, Not Proper to Consider Guilty Plea)

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed in those plea agreements to bring the witness' cooperation to the attention of the sentencing court in exchange for the witness' agreement to plead guilty and to testify truthfully, completely, and fully at this trial.  There is also evidence that the government agreed not to prosecute the witness for crimes which he may have admitted in interviews with the government, where that information was not previously known to the government.

The government is permitted to enter into these kinds of plea agreements and to make these kinds of promises. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest different than any ordinary witness. A witness who realizes that he may be able to receive a lighter sentence by giving testimony favorable to the prosecution may have a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

In considering such testimony, you are instructed that you are to draw no conclusion or inferences of any kind about the guilt of any defendant on trial from the mere fact that a government witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in anyway as evidence favorable or unfavorable to the defendant on trial here.

## JURY INSTRUCTION NO. 29
### (Law Enforcement Witnesses)

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of any more or less consideration or greater or lesser weight than an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal

or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

### JURY INSTRUCTION NO. 30
(Impeachment by Prior Inconsistent Statement)

You have heard evidence that a witness made a statement on an earlier occasion that counsel may argue is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.
 It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### JURY INSTRUCTION NO. 31
(Improper Consideration of Defendant's Right Not to Testify)

The defendant chose not to testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he is innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

### JURY INSTRUCTION NO. 32
(Introduction to the Charges)

We will next consider the crimes with which the defendant is charged. It has been said that a crime consists of two principal parts:  a criminal intent and a criminal act.

Let me talk for a moment about criminal intent.  Generally, intent to do something means someone knows what he is doing and does it on purpose or willfully.  For each of the crimes charged in this case, the government must show beyond a reasonable doubt that, with regard to the criminal act charged, the defendant knowingly, willfully and specifically sought to do the illegal act charged.  I will now provide for you definitions of the terms "knowingly" and "willfully."

### JURY INSTRUCTION NO. 33
(Knowingly)

In order to sustain its burden of proof, the government must prove that a defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of

ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

## JURY INSTRUCTION NO. 34
### (Conscious Avoidance: Deliberately Closing Eyes)

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him or her. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then this element may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

## JURY INSTRUCTION NO. 35
### (Willfully)

In order to sustain its burden of proof, the government must also prove that a defendant acted willfully.  "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

A defendant's conduct was not "willful" if it was due to negligence, inadvertence, mistake, or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.

26

## JURY INSTRUCTION NO. 36
### (Knowledge, Willfulness, Intent)

Knowledge, willfulness, and intent involve the state of a person's mind.   A defendant's state of mind at the time he or she allegedly committed the charged crimes is a fact you are called upon to decide.   Rarely is direct proof available to establish the state of one's mind.   This may be inferred from what he or she says or does:  by words, actions, and conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence.   Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

## JURY INSTRUCTION NO. 37
### (Indictment is Not Evidence)

The defendant is charged with various crimes about which I will instruct you shortly.  Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.  It is an accusation, and so, is not proof of anything.

Mr. Mbom is charged with three counts in the Indictment.

**Count One** charges Conspiracy to Commit Health Care Fraud and Wire Fraud.

**Count Two** charges Conspiracy to Make False Statements Relating to Health Care Matters.

**Count Three** charges Conspiracy to Violate the Anti-Kickback Statute.

The defendant has denied that he is guilty of these charges.

**JURY INSTRUCTION NO. 38**
(Variance – Dates)

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts and offenses occurred on or about certain dates. It does not matter if the indictment charges that a specific act occurred "on or about" or "in or around" a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

**JURY INSTRUCTION NO. 39**
(Conspiracy – Purpose of the Statute)

In Counts One, Two, and Three, the defendant is accused of conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish an unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense even though the substantive crime that was the object of the conspiracy was not actually committed. Moreover, you may find the defendant guilty of conspiracy even if he did not or could not commit the substantive crime alleged in the Indictment.

**JURY INSTRUCTION NO. 40**
(Count One – Conspiracy to Commit Health Care Fraud and Wire Fraud –
The Indictment)

Count One of the indictment charges Conspiracy to Commit Health Care Fraud and Wire Fraud. Again, let me remind you, an indictment is not evidence. It is merely an accusation. The Indictment as to Count One alleges:

28

**The Conspiracy and Scheme to Defraud**

1.      Between at least in or about March 2017 and in or about August 2021, in the District

of Maryland and elsewhere, the defendants,

**JULIUS BAKARI,**
**MBOUTCHOCK KABIWA**,
**a/k/a "Eugenie Bakari," and**
**LAMBERT MBOM,**

knowingly and willfully combined, conspired, confederated and agreed with each other, [**Francis**]

**Senesie**, [**Dominic**] **Forka**, and others known and unknown to the Grand Jury:

> a.      to commit health care fraud, that is, to execute a scheme and artifice
> to defraud any health care benefit program, namely Medicaid, and to obtain, by means of
> false and fraudulent pretenses, representations, and promises, money and property owned
> and under the custody and control of Medicaid (the "scheme to defraud") in connection
> with the delivery of and payment for health care benefits, items, and services, in violation
> of 18 U.S.C. § 1347; and
>
> b.      to commit wire fraud, that is, to devise and intend to devise a scheme
> and artifice to defraud Medicaid, and to obtain money and property from Medicaid by
> means of false and fraudulent pretenses, representations, promises, and material omissions
> (the "scheme to defraud"), and, for the purpose of executing and attempting to execute the
> scheme to defraud, to cause to be transmitted by means of wire communication in interstate
> commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. §
> 1343.

**<u>Manner and Means of the Conspiracy and Scheme to Defraud</u>**

2.      It was part of the conspiracy and scheme to defraud that:

a.      **BAKARI**, **KABIWA**, **MBOM**, their coconspirators, and Holy Health offered, paid, and caused to be paid kickbacks to recruiters, including **Senesie**, and Medicaid beneficiaries in exchange for referring Medicaid beneficiaries to Holy Health for mental health services.

b.      Coconspirators, on behalf of Holy Health, transported Medicaid beneficiaries, many of whom were homeless individuals, to Holy Health's North Capitol location.

c.      **BAKARI**, **KABIWA**, **MBOM**, their coconspirators, and Holy Health paid and caused to be paid kickbacks and bribes to Medicaid beneficiaries to induce them to visit Holy Health and, at times, to sign documentation indicating they had received services at Holy Health when, in fact, they had not received any services during their visit.  **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators submitted and caused to be submitted claims to Medicaid by Holy Health for mental health treatment services, including psychotherapy and community support services, purportedly provided to Medicaid beneficiaries procured through bribes and kickbacks. Medicaid would not have paid the claims had it known that they were procured through bribes and kickbacks.

d.      **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators caused Holy Health to bill Medicaid for mental health services, including psychotherapy and community support services, that were not rendered and were not provided as billed to Medicaid, including community support services purportedly provided by individuals who did not, in fact, provide such services at Holy Health; services purportedly provided to beneficiaries on days the beneficiaries received no services from Holy Health; services purportedly provided to beneficiaries after the

beneficiaries were no longer patients at Holy Health; and services that were billed for longer time periods than were, in fact, provided to the beneficiaries.

    e. **MBOM** created ICAMS accounts for purported CSWs, Holy Health employees, and coconspirators to enable coconspirators and others to enter notes in ICAMS for community support services purportedly rendered to beneficiaries.

    f. **BAKARI**, **KABIWA**, **MBOM** and their coconspirators caused coconspirators—including **Senesie** and **Forka**—to falsify documentation, including notes in ICAMS, to make it appear that beneficiaries received services, including community support services and psychotherapy, when, in fact, the services were not rendered as billed.

    g. **BAKARI**, **KABIWA**, **MBOM** and their coconspirators caused coconspirators to falsify in documentation, among other things, the time period during which the services were purportedly provided, the identity of the individual who purportedly provided the services, the location of the services, and the fact that services were rendered when, in fact, they had not been provided.

    h. **BAKARI** and **MBOM** arranged for **Senesie** to enter falsified notes in ICAMS under the names of individuals who were purported CSWs at Holy Health, but who did not in fact work as CSWs at Holy Health.

    i. **BAKARI**, **KABIWA**, and **MBOM** paid and caused Holy Health to pay coconspirators—including **Senesie** and **Forka**—for entering falsified notes in ICAMS.

    j. Coconspirators—including **Senesie** and **Forka**—submitted falsified documentation in ICAMS, including at times while in Maryland, to make it appear that beneficiaries received community support services from CSWs, when, in fact, the services were not rendered as billed.

k.     **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators billed and caused to be billed claims to Medicaid for services based on this falsified documentation.

l.     **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators caused Medicaid to pay by electronic funds transfers and by checks for false and fraudulent claims for services that were not provided as billed and were procured through the payment of kickbacks and bribes, and deposited and caused to be deposited such payments from Medicaid into Holy Health's Bank Account.

As I have said, the Indictment is <u>not</u> evidence.  It is merely an accusation and no more.

### JURY INSTRUCTION NO. 41
(Count One – Conspiracy to Commit Health Care Fraud and Wire Fraud – Elements)

In order to satisfy its burden of proof as to Count One, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in Count One of the indictment, that is an agreement to commit health care fraud or wire fraud; and

Second, that the defendant knowingly and willfully became a member of the conspiracy.

### JURY INSTRUCTION NO. 42
(Unanimity of Theory)

Count One of the indictment charges that the defendant committed the crime of conspiracy in either one of two ways; either by conspiring to commit health care fraud or by conspiring to commit wire fraud.  To sustain its burden of proof, the government must prove beyond a reasonable doubt that the defendant conspired to commit at least one of these two objects of the conspiracy.  However, you can only convict the defendant if you all unanimously agree either that the defendant conspired to commit health care fraud or that he conspired to commit wire fraud.

**JURY INSTRUCTION NO. 43**
(Wire Fraud – the Statute)

A violation of the wire fraud statute occurs when a person devises or intends to devise a scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, promises, or material omissions, and, for the purpose of executing and attempting to execute the scheme to defraud, causes to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds.

**JURY INSTRUCTION NO. 44**
(Health Care Fraud – the Statute)

A violation of the health care fraud statute occurs when a person executes a scheme or artifice to defraud any health care benefit program, namely Medicaid, or to obtain, by means of false and fraudulent pretenses, representations, or promises, money or property owned and under the custody or control of that program in connection with the delivery of or payment for health care benefits, items, or services.

**JURY INSTRUCTION NO. 45**
(Conspiracy – First Element – Agreement)

The first element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a

mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful act.

### JURY INSTRUCTION NO. 46
(Conspiracy – Second Element – Membership in the Conspiracy)

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, then you must next ask yourselves who the members of the conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective(s) as an associate or worker?

In that regard, it has been said that in order for the defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the

defendant had such an interest, then that is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he or she knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his or her own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proven.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he or she have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on the defendant's part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of the defendant's participation has no bearing on the issue of the defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.   Similarly, mere

association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He or she thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### JURY INSTRUCTION NO. 47
(Conspiracy – Venue)

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the District of Maryland, which includes the entire state of Maryland, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or act in furtherance of the conspiracy took place in this district, even if a defendant never set foot in the district.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only

that it is more likely than not that part of the conspiracy took place in the District of Maryland. All other elements must be proved beyond a reasonable doubt.

### JURY INSTRUCTION NO. 48
(Count Two and Count Three – Conspiracy to Commit an Offense
Against the United States)

The defendant is charged in Counts Two and Three with violating Section 371 of Title 18 of the United States Code, which provides:

> If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

I will review each Count separately.

### JURY INSTRUCTION NO. 49
(Count Two – Making False Statements Relating to Healthcare Matters – The Statute)

Count Two charges the defendant with conspiracy to make false statements relating to health care matters. A violation of the healthcare false statement statute occurs when, in a matter involving a health care benefit program including Medicaid, a person makes a material false statement or representation, orally or in writing, in connection with the delivery of or payment for health care benefits, items or services, knowing that the statement was false.

### JURY INSTRUCTION NO. 50
(Count Two – Conspiracy to Make False Statements Relating to Health Care Matters – the
Indictment)

Count Two of the Indictment charges Conspiracy to Make False Statements Relating to Healthcare Matters. Again, let me remind you, an Indictment is not evidence. It is merely an accusation. The Indictment as to Count Two alleges:

**The Conspiracy and its Objects**

1.      Between at least in or about August 2018 and in or about August 2021, in the District of Maryland and elsewhere, the defendants,

**JULIUS BAKARI and
LAMBERT MBOM,**

knowingly and willfully combined, conspired, confederated and agreed with each other, **Senesie**, **Forka**, and others known and unknown to the Grand Jury, to commit an offense against the United States, to wit, in a matter involving a health care benefit program, that is, Medicaid, in connection with the delivery of and payment for health care benefits, items, and services, to knowingly and willfully falsify, conceal, and cover up by any trick, scheme, and device a material fact, and to make any materially false, fictitious, and fraudulent statements and representations, and make and use any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in violation of 18 U.S.C. § 1035(a).

**Manner and Means of the Conspiracy and Scheme to Defraud**

2.      It was part of the conspiracy and scheme to defraud that:

a.      **BAKARI** and **MBOM** held meetings with CSWs at Holy Health during which they provided direction regarding, among other things, documentation of community support services, including the entry of notes in ICAMS.

b.      **MBOM** created ICAMS accounts for purported CSWs, Holy Health employees, and coconspirators to enable coconspirators and others to enter notes in ICAMS for community support services purportedly rendered to beneficiaries.

c.      **BAKARI**, **MBOM** and their coconspirators caused coconspirators— including **Senesie** and **Forka**—to falsify documentation, including notes in ICAMS for

38

community support services, to make it appear that beneficiaries received services from CSWs, when, in fact, the services were not rendered as billed.

d.    **BAKARI**, **MBOM**, and their coconspirators caused coconspirators to falsify in documentation, among other things, the time period during which the services were purportedly provided, the identity of the individual who purportedly provided the services, the location of the services, and the fact that services were rendered when, in fact, they had not been provided.

e.    **BAKARI** and **MBOM** arranged for **Senesie** to enter falsified notes in ICAMS under the names of individuals who were purported CSWs at Holy Health, but who did not in fact work as CSWs at Holy Health.

f.    Coconspirators—including **Senesie** and **Forka**—submitted falsified documentation in ICAMS, including at times while in Maryland, to make it appear that beneficiaries received community support services from CSWs, when, in fact, the services were not rendered as billed.

g.    **BAKARI** and **MBOM** paid and caused Holy Health to pay coconspirators—including **Senesie** and **Forka**—for entering falsified notes in ICAMS.

h.    **BAKARI**, **MBOM**, and their coconspirators billed and caused to be billed claims to Medicaid for community support services based on this falsified documentation.

## <u>Overt Acts</u>

3.    In furtherance of the conspiracy and to achieve its purposes, at least one member of the conspiracy committed one or more of the following overt acts, among others, in the District of Maryland and elsewhere:

a.      On or about January 25, 2019, **MBOM** sent an email to DBH in which **MBOM** purported to provide an explanation as to why Holy Health CSWs were able to see an average of more than six consumers per day.

b.      On or about October 14, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for approximately 61 minutes on October 12, 2019, and that the location of these services was a home.

c.      On or about October 22, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for appropriately 61 minutes on October 19, 2019, and that the location of these services was a home.

d.      On or about October 22, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for approximately 59 minutes on October 20, 2019, and that the location of these services was a home.

e.      On or about October 23, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for approximately 61 minutes on October 22, 2019, and that the location of these services was a home.

f.      On or about October 28, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for approximately 59 minutes on October 26, 2019, and that the location of these services was a home.

g. On March 19, 2021, **Senesie** entered a false note in ICAMS, which falsely stated, among other things, than an individual provided community support services to Individual 2 for approximately one hour on March 18, 2021.

h. On or about March 26, 2021, **Senesie** entered a false note in ICAMS, which falsely stated, among other things, that an individual provided community support services to Individual 2 for approximately 68 minutes on March 25, 2021.

i. On or about May 14, 2021, **Senesie** negotiated and caused to be negotiated a check from Holy Health, written on BOA 1589, in the amount of $1518.30.

j. On or about July 30, 2021, **Senesie** negotiated and caused to be negotiated a check from Holy Health, written on BOA 1589, in the amount of $3500.

k. On or about July 30, 2021, **Senesie** negotiated and caused to be negotiated a check from Holy Health, written on BOA 1589, in the amount of $2500.

As I have said, the Indictment is not evidence.  It is merely an accusation and no more.

## JURY INSTRUCTION NO. 51

(Count Two – Conspiracy to Commit Offenses Against the United States – Elements)

To satisfy its burden of proof as to Count Two, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged by that Count;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) that you find to have been committed was (were) committed to further some objective of the conspiracy.

I have previously instructed you regarding the first and second elements of conspiracy at **JURY INSTRUCTIONS 45 & 46**.  You must apply those instructions here.

### JURY INSTRUCTION NO. 52
(Count Two – Conspiracy – Third Element: Commission of Overt Act)

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy as to Count Two, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.  Finally, you must find that either the agreement was formed or that an overt act was committed in Maryland.

### JURY INSTRUCTION NO. 53
(Counts Two– Conspiracy – Fourth Element:
Commission of Overt Act in Furtherance of the Conspiracy)

The fourth, and final, element that the government must prove beyond a reasonable doubt, as to Count Two, is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself, is criminal or constitutes an objective of the conspiracy.

### JURY INSTRUCTION NO. 54
(Count Three – The Anti-Kickback Statute)

Count Three of the Indictment charges the defendant with Conspiracy to Violate the Anti-Kickback Statute.  The Anti-Kickback statute makes it a crime to knowingly offer or pay any remuneration (including any kickback or bribe) to induce any person, among other things, to refer any individual for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, including Medicaid, or to purchase, lease, order or arrange for or recommend purchasing, leasing or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, including Medicaid.

### JURY INSTRUCTION NO. 55
(Count Three – Conspiracy to Violate the Anti-Kickback Statute – the Indictment)

Count Three of the Indictment Charges Conspiracy to Violate the Anti-Kickback Statute. Again, let me remind you, an Indictment is not evidence.  It is merely an accusation.  The Indictment as to Count Three alleges:

**The Conspiracy and its Objects**

1.      Between at least in or about April 2017 and in or about April 2021, in the District of Maryland and elsewhere, the defendants,

**JULIUS BAKARI,**
**MBOUTCHOCK KABIWA**,
**a/k/a "Eugenie Bakari," and**
**LAMBERT MBOM,**

knowingly conspired, confederated, and agreed with each other, **Senesie**, **Forka**, and other persons, known and unknown to the Grand Jury, to commit an offense against the United States, to wit, to knowingly and willfully offer and pay remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind from **BAKARI**, **KABIWA**, **MBOM**, and Holy Health to others to induce them (A) to refer beneficiaries for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicaid, and (B) to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole or in part by a Federal health care program, that is, Medicaid, in violation of 42 U.S.C. § 1320a-7b(b)(2).

**Manner and Means of the Conspiracy**

2.      The conspiracy was carried out through the following manner and means, among others:

a.      **BAKARI**, **KABIWA**, **MBOM**, their coconspirators, and Holy Health offered, paid, and caused to be paid kickbacks to recruiters—including **Senesie**—and Medicaid beneficiaries in exchange for referring Medicaid beneficiaries to Holy Health for mental health services.

44

b.      Coconspirators, on behalf of Holy Health, transported Medicaid beneficiaries, who were typically homeless individuals, to Holy Health's North Capitol location.

c.      **BAKARI**, **KABIWA**, **MBOM**, their coconspirators, and Holy Health paid and caused to be paid kickbacks and bribes to Medicaid beneficiaries to induce them to visit Holy Health and, at times, to sign documentation indicating they had received services at Holy Health when, in fact, they had not received any services during their visit.

d.      **BAKARI** and **KABIWA** provided funds to Holy Health employees, in cash and through check payments, payments transmitted through mobile peer-to-peer payments applications (such as Cash App and Zelle), and increases in the employees' paychecks from Holy Health, for kickbacks and bribes to be paid to beneficiaries.

e.      Although **BAKARI** and **KABIWA** claimed that kickback payments were funded by The Agatha Foundation, **BAKARI** and **KABIWA** provided funds for such payments from the Holy Health Bank Account.

f.      **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators misrepresented, concealed, and hid the payment of kickbacks by Holy Health, including by concealing cash kickbacks paid to beneficiaries as transportation stipends and as payments purportedly made by the Agatha Foundation.

g.      In or about October 2019, **BAKARI** and **KABIWA** instructed an employee of Holy Health, Individual 1, to continue the existing practice of providing kickback payments to beneficiaries at the North Capitol location at the recently opened MLK Avenue location. **BAKARI** and **KABIWA** referred to the kickback payments as "stipends" in their communications with Individual 1.

h.    **BAKARI** and **KABIWA** reimbursed and caused others to reimburse Individual 1, through mobile peer-to-peer payments applications (such as Cash App and Zelle) and increases in Individual 1's paychecks from Holy Health, for kickbacks and bribes paid by Individual 1 to beneficiaries.  Individual 1 provided **BAKARI** and **KABIWA** with images of sign-in sheets from the MLK Avenue location in order to obtain reimbursement for kickbacks and bribes paid to beneficiaries.

i.    **BAKARI**, **KABIWA**, **MBOM**, and their coconspirators submitted and caused to be submitted claims by Holy Health to Medicaid for mental health treatment services, including community support services, purportedly provided to the Medicaid beneficiaries procured through bribes and kickbacks.

### Overt Acts

3.    In furtherance of the conspiracy and to achieve its purposes, at least one member of the conspiracy committed one or more of the following overt acts, among others, in the District of Maryland and elsewhere:

a.    On or about September 18, 2019, **BAKARI** wrote a check in the amount of $350 to Individual 3, which Individual 3 then negotiated, to cover bribe and kickback payments made to beneficiaries.

b.    On or about September 24, 2019, **BAKARI** and **KABIWA** caused Individual 3 to withdraw $300 from a bank in Maryland after Individual 3 received a payment in this amount from Holy Health via Zelle.

c.    On or about October 22, 2019, **BAKARI**, **KABIWA**, **MBOM** and their coconspirators paid and caused to be paid a bribe and kickback in the amount of $10 to Individual

2, after which Holy Health billed Individual 2's Medicaid plan for services purportedly provided to Individual 2 that were not, in fact, rendered as billed.

d.      On or about October 23, 2019, **Forka** entered a false note in ICAMS, which falsely stated, among other things, that **Forka** provided community support services to Individual 2 for approximately 61 minutes on October 22, 2019, and that the location of these services was a home.

e.      On or about October 24, 2019, **BAKARI** and **KABIWA** paid and caused to be paid $160 from BOA 1589 to Individual 1 via Cash App for the purpose of paying kickbacks and bribes to recruiters and beneficiaries.

f.      On or about December 3, 2019, **BAKARI** and **KABIWA** paid and caused to be paid $300 from BOA 1589 to Individual 1 via Cash App for the purpose of paying kickbacks and bribes to recruiters and beneficiaries.

g.      On or about December 13, 2019, **BAKARI** and **KABIWA** paid and caused to be paid two $200 payments from BOA 1589 to Individual 1 via Cash App for the purpose of paying kickbacks and bribes to recruiters and beneficiaries.

h.      On or about January 8, 2020, in response to a text message from Individual 1 requesting $200 for patient "stipends," **KABIWA** responded to Individual 1 "Can [you] provide and I will reimburse you[?]"

i.      On or about January 22, 2020, in response to a text message from Individual 1 requesting "reimbursement for the stipends," **BAKARI** responded to Individual 1 "Please call [**KABIWA**] I'm out of the country[.]"

j.      On or about January 24, 2020, **KABIWA** signed and caused to be signed a check in the amount of $1,815 drawn on BOA 1589 that was deposited into Individual 1's bank

account with the memo line "$1440 payrole (*sic*) $375 refund" for the purpose of paying Individual 1's salaries as well as kickbacks and bribes to recruiters and beneficiaries.

        k.      On or about October 5, 2020, **KABIWA** caused Individual 3 to withdraw $150 from a bank in Maryland after Individual 3 received a payment in this amount from **KABIWA** via Zelle.

        l.      On or about October 9, 2020, **KABIWA** caused Individual 3 to withdraw $300 from a bank in Maryland after Individual 3 received a payment in this amount from **KABIWA** via Zelle.

        m.      On or about November 23, 2020, **BAKARI** caused Individual 3 to withdraw $300 from a bank in Maryland after Individual 3 received a payment in this amount from **BAKARI** via Zelle.

        n.      On or about February 19, 2021, **KABIWA** caused Individual 3 to withdraw $400 from a bank in Maryland after Individual 3 received a payment in this amount from **KABIWA** via Zelle.

        o.      On or about April 23, 2021, **Senesie** negotiated and caused to be negotiated a check from Holy Health, written on BOA 1589, in the amount of $2,223.55.

As I have said, the Indictment is not evidence.  It is merely an accusation and no more.

### JURY INSTRUCTION NO. 56
(Count Three – Conspiracy to Violate the Anti-Kickback Statute - Elements)

I have previously instructed you on the elements of conspiracy in violation of 18 U.S.C. § 371 as to Count Two at **JURY INSTRUCTION NO. 51**.  You must apply those instructions here.

## JURY INSTRUCTION NO. 57
(Punishment)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence in any matter rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine whether or not the government has proven the defendant's guilt beyond a reasonable doubt.  Under your oath as jurors, you cannot allow consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberation.

## JURY INSTRUCTION NO. 58
(Duty to Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine, whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow

jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict, whether guilty or not guilty, must be unanimous.

## JURY INSTRUCTION NO. 59
### (Foreperson -- Verdict Form)

Juror number One will be your foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to the Court Security Officer during your deliberations.

A Verdict Form has been prepared for your convenience.  You will take the Verdict Form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in and then date and sign the form.

After you have completed the Verdict Form, please advise the court, by sending a note through the Court Security Officer, that you have reached a verdict.  When I receive that note, I shall have you return with your verdict to the courtroom.

## JURY INSTRUCTION NO. 60
### (Communication with the Court)

If it becomes necessary during deliberations to communicate with me, you may send a note by the Court Security Officer, signed by your foreperson, or by one or more members of the jury. No member of the jury should communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching on the merits of the case, otherwise than in writing, or orally here in open court.

50

You will note from the oath about to be taken by the Court Security Officer that the officer as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached a verdict.